Before the Third Division, December 29, 1941

**No. 46750.**—Protests 10323–K, etc., of Wilson & Geo. Meyer & Co. et al. (Portland, Oreg.).

Cline, Judge: This is an action against the United States in which the plaintiffs seek to recover money claimed to have been illegally collected as customs duties upon importations of peat moss imported at the port of Portland, Oreg. Duty was assessed at the rate of 50 cents per ton under the *eo nomine* provision for peat moss in paragraph 1548, Tariff Act of 1930. P'aintiffs claim that the merchandise is properly free of duty under paragraph 1685 of the same law as fertilizer.

A hearing was had at the port of San Francisco, Calif., at which time the two cases were consolidated and testimony was introduced as to the character of the importations. The witnesses testified that the bales are stenciled in green if the peat moss is of the horticultural variety and in red if it is poultry litter. There was also testimony that the horticultural variety is higher in price than the type

used for poultry litter. The witnesses also testified that all the merchandise was horticultural peat moss.

In the case of protest 10322–K the invoice description is given as 300 bales 'Lighthouse" horticultural Danish peat moss invoiced at $1.45 per bale. In protest 10323–K the invoice and entry describe the commodities as Premier certified peat moss (red), 50 bales, at $1.022 per bale, M: Sweden; and Premier Certified peat moss (green) M: Denmark, 400 bales at $1.005 per bale. We understand the "M" to mean "marked." There was also introduced in evidence by the plaintiffs a private invoice (exhibit 1) which the witness testified related to the importation covered by protest 10323–K. This shows 2,000 bales peat moss, horticultural, noted as "Made in Denmark–(green)," which contains the further notations as follows:

| | | | |
|---|---|---|---|
| 500 | to Order | Los Angeles | |
| 800 | to | " | San Francisco |
| 500 | to | " | Portland |
| 200 | to | " | Seattle |

This document also contains notations in lead pencil opposite the item of 500 to Order-Portland as follows: Marine By Products Co. 100 bales, Portland Seed Co. 300 bales.

It is a little difficult to reconcile the sworn statements of the witnesses that the merchandise is horticultural peat moss with their statements that horticultural peat moss bales are marked in green, inasmuch as the invoice in suit 10323–K states that 50 of the bales are "red." It is noted also that the 50 bales invoiced as "red" are higher in price than the 400 bales on the same invoice.

At the conclusion of the hearing at San Francisco the case was transferred to Portland, Oreg., the port of entry, and it was stipulated in open court that the merchandise referred to by the witnesses who testified in San Francisco in June, 1941, which was assessed with duty at 50 cents per ton, under Paragraph 1548, Tariff Act of 1930, as peat moss, is the same in all material respects as that passed upon in *Peat Import Corporation* vs. *United States*, C. D. 319, and therein held free of duty as substances used chiefly for fertilizer; that the record in said decided case, C. D. 319, may be incorporated herein; that the protest is abandoned as to all merchandise not covered by testimony of the two witnesses who testified in June in San Francisco, and that upon this stipulation the case may be ordered submitted.

Our understanding of this agreement, taken in connection with the testimony and exhibits is, that the 300 bales of peat moss involved in protest 10322–K and the 400 bales involved in protest 10323–K are horticultural peat moss similar to that involved in the cited case. We therefore sustain plaintiffs' claim for free entry of that merchandise under paragraph 1685, *supra*, and overrule it in all other respects.

Judgment will be rendered accordingly. It is so ordered.